IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY C. MATHIS, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0410-G |
| | § | |
| DALLAS VA HEALTH CARE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Anthony C. Mathis, Sr., against Dallas VA Health Care. On March 4, 2009, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on March 20, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Plaintiff alleges that he went to a medical facility operated by the Department of Veteran's Affairs ("VA") on May 1, 2008 for pacemaker implantation surgery. (*See* Plf. Compl. at 1). In

preparation for the surgery, two unidentified nurses gave plaintiff a series of injections. (*See id.*; Mag. J. Interrog. #1(b) & 5). However, plaintiff was not operated on that day and still has not received a pacemaker. (*See id.* #6). Plaintiff further alleges that he now suffers from back pain as a result of the injections administered by the VA nurses. (*See id.* #1(c) & 5). By this action, plaintiff seeks unspecified money damages and other relief.

A.

The court *sua sponte* questions whether it has subject matter jurisdiction over this case. A complaint must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). In making this jurisdictional determination, the court must accept as true all facts alleged in the complaint. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1059 (2002). Dismissal is warranted if those allegations, together with any undisputed facts and the court's resolution of disputed material facts, establish that there is no basis for subject matter jurisdiction. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

B.

Although his pleadings are difficult to decipher, it appears that plaintiff is attempting to sue the Dallas VA Health Care facility for medical negligence.[1] Such a claim is deemed to be an action

---

[1] In his interrogatory answers, plaintiff also states that his civil rights were violated. (*See* Mag. J. Interrog. #4). However, plaintiff fails to allege any facts in his complaint or interrogatory answers which, if proved, would give rise to a civil rights violation. Moreover, the only defendant in this case, Dallas VA Health Care, is not a proper party to a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396-97, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 1005, 127

against the United States and must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). *See Johnson v. Army*, No. 3-08-CV-1810-L, 2008 WL 5205881 at *2 (N.D. Tex. Oct. 24, 2008), *rec. adopted*, (N.D. Tex. Nov. 18, 2008) (construing negligence claim against federal defendant as a claim under the FTCA). Under the FTCA, the United States has waived sovereign immunity and has consented to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also Cross v. United States*, 159 Fed.Appx. 572, 575, 2005 WL 3477545 at *2 (5th Cir. Dec. 20, 2005). However:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States ex rel. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992); *Brewer v. United States*, No. 3-06-CV-1615-BD, 2007 WL 1953474 at *2 (N.D. Tex. Jun. 27, 2007). A claimant may not file suit against the federal government on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. *See Lee v. Lomboy*, No. 3-98-CV-2304-BD, 2000 WL 140778 at *1 (N.D. Tex. Feb. 7, 2000) (citing cases).

Before plaintiff can sue the United States for the negligent acts or omissions of VA employees, he must present his claims to the VA. *See Jackson v. United States*, 488 F.Supp.2d 191,

---

L.Ed.2d 308 (1994) (*Bivens* action must be brought against individual federal officers, not directly against federal agencies).

195-97 (N.D.N.Y. 2007), *citing* 38 C.F.R. § 14.604 (plaintiff must present medical negligence claim to VA before filing suit in federal court). In his interrogatory answers, plaintiff concedes that no administrative claim was ever filed with that agency. (*See* Mag. J. Interrog. #2 & 3). Consequently, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. *See Milnes v. Tripler Army Medical Center*, No. 02-00365 BMK, 2007 WL 917288 at *3-4 (D. Haw. Mar. 23, 2007) (dismissing FTCA suit arising out of negligence at VA hospital where plaintiff failed to exhaust administrative remedies); *Stewart v. United States*, No. C-2-00-1296, 2001 WL 102836 at *3 (S.D. Ohio Jan. 29, 2001) (same).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 25, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE